————o————

## No. 6147.

## CHAUVIN & CHAUVIN vs. LOUIS BORN.

### Syllabus.

Before proceeding to trial a defendant is entitled to a detailed statement of the items of debit and credit composing the alleged balance of account upon which he is sued.

Appeal from the 28th Judicial District Court for the Parish of St. John the Baptist, No. 379. Honorable P. E. Edrington, Judge.

C. A. Buchler, for plaintiff and appellee.

J. V. Chenet, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The defendant appeals from a judgment against him upon an open account in plaintiffs' favor as prayed for.

The first item of the account is stated as: "March 6, 1912, to amount forward from old account—$138.25;" and defendant timely excepted on the ground that he was entited to a detail of what this item consisted.

The trial Court erred in overruling the exception.

> "The defendant was entitled to information of the items of debit and credit of which the account producing the balance was composed, and having demanded it by his exception, the plaintiffs should not have been permitted to proceed further in the cause until it was furnished."
> Ledoux vs. Coza, 2 An., 395; see also, Schields vs. Richardson, 7 An., 535; Hyland vs. Rice, 20 An., 65.

And a remand of the case is likewise advisable because the condition of the record is such as to leave it doubtful whether or not plaintiffs have acquired by assignment a legal title of the account upon which they sue.

It is accordingly ordered that the judgment be reversed and the cause be remanded for further proceeding in accordance with the views herein expressed and with leave to plaintiff to amplify and amend; the plaintiff to pay the costs of this appeal and liability for the costs incurred in the trial Court to await the final determination of the cause.

Reversed and remanded.

Opinion and decree, November 9, 1914.